IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
99 AUG -9 PM 2: 36
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| MELVIN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV-99-J-0896-W |
| | ) | |
| TRANZIE LOVELESS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
AUG 9 1999

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation in this cause on July 14, 1999, recommending that this action filed pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986 be dismissed because it is frivolous, fails to state a claim upon which relief can be granted, and because plaintiff seeks monetary relief from defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(1) and (2). The plaintiff filed objections to the report and recommendation on July 23, 1999.

Only one objection raised by plaintiff requires comment here, and that is that the magistrate judge failed to address his claims under § 1985(3) and 1986, considering them only as claims under § 1983. While it is true that the magistrate judge treated all of plaintiff's claims only under § 1983, consideration of them under the other statutes is equally fruitless. Actions under §§ 1985(3) and 1986 provide a civil remedy for injuries to rights caused by conspiracies engaged in class-based, invidious discrimination. One essential element of such a claim is that plaintiff suffered injuries to his rights because of a class-based, invidious intent to deny him equal protection of the law. Generally, claims under § 1985(3) must allege that the plaintiff was victimized because of his race or some other invidious classification. <u>Lucero v. Operation Rescue of Birmingham</u>, 954 F.2d 624 (11th Cir 1992). Here, plaintiff has not alleged, and it does not appear, that he was victimized because of his race or membership in some other protected class. There simply is no assertion of

class-based invidious discrimination in the alleged deprivation of his rights. Thus, further consideration of his theories based on §§ 1985(3) and 1986 do not change the court's agreement with the magistrate judge's conclusion that the action is due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed because it is frivolous, fails to state a claim upon which relief can be granted, and because plaintiff seeks monetary relief from defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(1) and (2). A Final Judgment will be entered.

DATED this \_\_9\_\_ day of \_\_\_August\_\_\_, 1999.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE