IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| MELVIN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV-99-J-0896-W |
| | ) | |
| TRANZIE LOVELESS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The magistrate judge filed his fifth report and recommendation in the above-styled cause on December 21, 2001, recommending that the motion for summary judgment filed by defendant Phillip J. Parmer be granted, and that the plaintiff's claim against defendant Jeff Smith, despite his default, be dismissed. Plaintiff filed his objections to the report and recommendation on January 2, 2002. Having carefully reviewed all materials in the court file, the court agrees with the magistrate judge. Consequently, the court hereby ADOPTS the report and ACCEPTS the magistrate judge's recommendation.

First, the court DENIES plaintiff's motion to strike (Doc. 98), filed October 16, 2001. In that motion, plaintiff contends that he has never received a copy of defendant's Parmer's letter of *September* 18, 2001, which the magistrate judge construed to be a motion for summary judgment. The entire picture relating to that letter reveals that Parmer first wrote a letter to the court in *January* 2001 (Doc. 54), describing his knowledge relating to

plaintiff's claims. In an order dated August 28, 2001, the magistrate judge notified Parmer that the unsworn letter could not be treated as an affidavit or evidence for purposes of summary judgment unless Parmer filed an acknowledgment swearing "on penalty of perjury" to the truth of the letter. The *September* 18, 2001, letter that plaintiff did not receive is nothing more than an acknowledgment of the truthfulness of the *January* letter plaintiff received as a copy attached to the magistrate judge's order of August 28, 2001. At left is a graphical depiction of the September letter (see Court Document 94), which reads:

In the letter I wrote to the District Court on Jan 18, 2001, everything is true and correct to the best of my knowledge concerning the Thoma's [sic] — Melvin, Kathrina, & Billy Thomas.

/s/ Phillip J. Parmer

Randolph County, Alabama
Sworn to and subscribed before me this 15th day of September, 2001.

/s/ Kerry B. White
My commission expires 06-13-2005

2

Thus, though plaintiff did not receive the sworn acknowledgment of the truthfulness of the earlier letter, plaintiff *did* receive the January letter which sets out Parmer's view of the evidence. Plaintiff had a full opportunity to respond to the factual assertions made by Parmer in the January letter, and he suffered no prejudice simply because he did not receive the sworn acknowledgment of it in September. The motion to strike, therefore, is DENIED.

Second, the court agrees with the magistrate judge the plaintiff has not presented evidence to controvert Parmer's (and other defendants') denial of the existence of a conspiracy with public officials to deprive plaintiff of any constitutional rights. Once confronted with that sworn denial by Parmer, the burden of proof was upon plaintiff to present evidence from which such a conspiracy could at least be inferred. Absent such evidence, there was no genuine issue of material fact concerning the fact that Parmer was not acting under color of state law in whatever he did. Because he did not act under color of state law, § 1983 simply provides no remedy against him. Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L. Ed. 2d 185 (1978). Similarly, for purposes of potential liability under §§ 1985(3) and 1986, plaintiff's evidence just does not establish even an inference of class- or race-based animus against plaintiff, and he has failed to create a genuine issue on this material fact.

Finally, the court also agrees with the magistrate judge's analysis of plaintiff's claim against Jeff Smith, who has been served with process, but has not answered or otherwise defended against this case. Although Smith is in default, a default judgment cannot be

entered against him because the evidence presented by plaintiff and many other defendants in this case makes plain that Smith, like many of the other defendants, was a private actor, not acting under color of state law during his dealings with plaintiff. This is not a matter of letting Smith ignore the law, as plaintiff argues, but of requiring plaintiff to prove his entitlement to recovery under the law. Ultimately, to receive a judgment against a defendant, plaintiff must prove he is entitled to it under the law and the facts of the case. Here, plaintiff has been given many opportunities to come forward with the evidence that would prove his legal conclusion that Smith and others acted in concert with public officials for the purpose of depriving him of his rights, and he has repeatedly failed to do so.

The magistrate judge's report and recommendation, and particularly footnote 4, frames the dilemma faced by the court: the defendant will not respond to the complaint and the plaintiff cannot present evidence entitling him to a judgment against the defendant. Where do we go from here? There is no reason to believe that plaintiff would be able to present at a trial — jury or non-jury — any more evidence of Smith's acting under color of state law than he has presented in the numerous affidavits and exhibits he has filed. Indeed, even in the face of the magistrate judge's report and recommendation, plaintiff has made no attempt to offer the court with any evidence on this point. The only alternative left is dismissal of the plaintiff's claim against Smith. Any other course would be a waste of judicial resources and juror time, or would relieve plaintiff of the burden of proving his case.

By separate order, the court will grant defendant Parmer's motion for summary judgment, and will dismiss plaintiff's claim with prejudice as to both Parmer and Smith.

DONE this _____24_____ day of January, 2002.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE